UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHNNY AMON CLIFFT, JR., and
CINDY PADON MERCADO,

      Plaintiffs,

v.                     Case No: 2:25-cv-345-JES-DNF

SCHOOL DISTRICT OF LEE
COUNTY, ROBERT DODIG,
FERNANDO VAZQUEZ, and
BARBARA SHAFER,

      Defendants.

_____

### OPINION AND ORDER

This matter comes before the Court on review of Plaintiff Johnny Amon Clifft ("Clifft") and Cindy Padon Mercado's (collectively "Plaintiffs") Objection to the Magistrate's Order on Motion for Leave to File via CM/ECF and to Receive Notices Electronically (Doc. #24.)  For the reasons set forth below, Plaintiffs' objections are overruled.

### I.

Because Plaintiffs' objections are to the magistrate judge's non-dispositive order, this Court applies the clearly erroneous or contrary to law standard.  Fed. R. Civ. P. 72(a).  "A finding is clearly erroneous when the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm

-1-

conviction that a mistake has been committed." Krys v. Lufthansa German Airlines, 119 F.3d 1515, 1523 (11th Cir. 1997) (citation omitted).  "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Positano Place at Naples IV Condo. Ass'n, Inc. v. Empire Indem. Ins. Co., No. 2:21-CV-186-SPC-KCD, 2024 WL 3817021, at *1 (M.D. Fla. Aug. 14, 2024) (citation omitted).

## II.

Plaintiff Clifft was employed as a sixth-grade science teacher by Defendant School District of Lee County ("the District") until 2023, when the District allowed his contract to expire. (Doc. #9, ¶¶ 46-48.)  Clifft and his wife, Plaintiff Mercado, brought claims in this Court against the District and several individuals for, among other things, targeting him for reporting "safety and disability-related concerns." (Id., ¶ 26.)  On July 28, 2025, Plaintiffs filed a motion for leave to access "the Court's electronic filing system . . . and for electronic service of all filings." (Doc. #17, p. 1.)  Finding that Plaintiffs had not shown good cause or extenuating circumstances to justify access to the Court's electric filing system, Judge Dudek entered an order denying that motion (Doc. #18.)  On July 8, 2025, Plaintiffs filed an Objection to the Order, lodging several challenges to Judge Dudek's decision (Doc. #24.)

Plaintiffs first assert that Judge Dudek erred in his decision to deny Plaintiffs access to the Court's electronic filing system because "the Order provides no explanation or supporting record for denying CM/ECF access" and "[u]nder administrative-law principles and due process, a decision affecting rights must be accompanied by articulated reasoning." (Doc. #24, p. 1.) Setting to the side that a Federal Court is not, as Plaintiffs contend, an administrative body, the Court finds that the magistrate judge provided ample support from both the record and case law to support his decision. As Judge Dudek explained in the Order, "Pro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." Huminski v. Vermont, No. 2:13-cv-692-FtM-29, 2014 WL 169848, *4 (M.D. Fla. Jan. 15, 2014). Here, neither the impediments cited by Plaintiffs (e.g. increased cost and time required to mail filings) nor the complexity of their claims warrant special treatment.

Second, Plaintiffs argue that the Court's "blanket policy" of denying CM/ECF access to pro se litigants "creates a structural disadvantage inconsistent with Rule 1's mandate of just, speedy, and inexpensive adjudication." (Doc. #24, p. 2.) A district court is "able to exercise its managerial power to maintain control over its docket." Young v. City of Palm Bay, Fla., 358 F.3d 859, 864 (11th Cir. 2004). Moreover, the Eleventh Circuit gives "great

deference to a district court's interpretation of its local rules[.]" <u>Mann v. Taser Intern., Inc.</u>, 588 F.3d 1291, 1302 (11th Cir. 2009). The Middle District's Rule provides that "[a]bsent a court order, a pro se litigant is not permitted to file documents in CM/ECF[.]" ADMINISTRATIVE PROCEDURES FOR ELECTRONIC FILING, at 3, M.D. Fla. (Aug. 1, 2025). The Rule is neither outside the purview of the Court's managerial power nor outside the scope of its discretion. <u>See</u> <u>McMahon v. Cleveland Clinic Foundation Police Dep't.</u>, 455 F. App'x. 874 (11th Cir. 2011) (upholding application of local rule under similar circumstances).

Third, Plaintiffs allege that Judge Dudek failed to consider that the online filing portal[1] previously available to pro se litigants had been discontinued on August 1, 2025 "leaving pro se parties without any electronic option." (Doc. #24, p. 3.) But even without access to the web portal, Plaintiffs are nevertheless able to prosecute their lawsuit via the U.S. Mail and in person at the Clerk's Office in Fort Myers (and in fact have since submitted filings to this Court successfully in this manner).

---

[1] The U.S. District Court for the Middle District of Florida created the web portal at the recommendation of the Administrative Office of the Court during the early days of the COVID-19 pandemic to allow pro se litigants without access to CM/ECF to submit documents. Prior to the COVID-19 pandemic, litigants were required to submit filings in person, by U.S. mail, or via another delivery service unless granted access to the general electronic filing system.

-4-

Fourth, Plaintiffs contend that pro se litigants face unique procedural hurdles and barriers to accessing the courts, because they must "prepare paper filings, print multiple copies, purchase postage, monitor delivery status, and confirm receipt" all without the assistance of administrative staff. (Doc. #24, p. 3.)  As Judge Dudek determined in his Order, the impediments cited by Plaintiffs simply do not constitute the showing of good cause or extenuating circumstances necessary to justify such relief.  See e.g. Robinson v. Section 23 Prop. Owner's Ass'n, Inc., No. 2:16-CV-888-FTM-38CM, 2017 WL 1929662, at *2 (M.D. Fla. May 10, 2017) (failing to find good cause where plaintiff could prosecute "lawsuit via the U.S. Mail and by accessing the computer terminals at the Clerk's Office in Fort Myers.").

Fifth, Plaintiffs cite the Teachers' Bill of Rights, Fla. Stat. §§ 1015.01 – 1015.06, to assert that the "[t]he court's systemic treatment of pro se litigants has spurred legislative responses to protect classroom professionals and ensure fair process."  Nothing in those statutory provisions, however, abrogate the Court's ability to exercise its managerial power over its docket.  More to the point, the Court's administrative rule precluding pro se litigants from accessing the electronic filing system is not mentioned once within the cited provisions.

Last, Plaintiffs assert that they face multiple unique challenges in prosecuting their claims against Defendants

-5-

including: (1) unpredictable delays and mail delivery risks, (2) the complexity of the instant suit, (3) Plaintiffs' lack of access to secretarial assistance, and (4) Plaintiffs' inability to obtain counsel in this matter. (Doc. #24, pp. 3-5.)  Again, none of these impediments rise to the level necessary to justify Plaintiffs' requested relief.  See e.g. Huminski, 2014 WL 169848, at *4 (extenuating circumstances not found to waive CM/ECF procedure); McMahon, 455 F. App'x. at 878 (affirming denial of pro se plaintiff's access to CM/ECF because plaintiff did not show good cause); Postell v. Nestle Prepared Foods Co. USA, 2019 WL 5102552, at *2 (M.D. Fla. Jan. 25, 2019) (finding no good cause where plaintiff resided out of state).

The grounds for Plaintiffs' objection neither leave the Court with a definite and firm conviction that a mistake has been committed nor show that Judge Dudek misapplied relevant statutes, case law, or rules of procedure.  Therefore, the Magistrate Judge's Order Denying Access to the Court's Electronic Filing System was not clearly erroneous or contrary to law.[2]

Accordingly, it is now

**ORDERED:**

---

[2] The Court rejects Plaintiffs' attempt to raise substantive claims related to Defendants' alleged First Amendment violations as improper for purposes of the instant objection to the Magistrate Judge's decision.

Plaintiff's Objection to the Magistrate Judge's Order (Doc. #24) is **OVERRULED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of October 2025.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE