```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

JOHNNY AMON CLIFFT, JR., and
CINDY PADON MERCADO,


       Plaintiffs,


v.                               Case No:  2:25-cv-345-JES-DNF


SCHOOL DISTRICT OF LEE
COUNTY, ROBERT DODIG,
FERNANDO VAZQUEZ, and
BARBARA SHAFER,


       Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on review of Plaintiffs' Motion for Reconsideration (Doc. #61) filed on November 3, 2025. For the reasons set forth below, Plaintiffs' motion is denied.

On July 29, 2025 then Magistrate Judge Kyle Dudek entered an Order denying Plaintiffs access to the Court's electronic filing system (Doc. #18.)  Plaintiffs objected to that order for various reasons (Doc. #24) on August 8, 2025.  The Court entered an order overruling Plaintiffs objections (Doc. #53) on October 28, 2025.

Now seeking a third bite of the apple, Plaintiffs have moved for reconsideration of the order overruling their objections. Rule 54(b) permits revision of interlocutory orders prior to entry of a final judgment. That rule states "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Because the motion for reconsideration involves an interlocutory order, the Court construes the motion as one seeking relief under Rule 54(b).

District Courts within this circuit use the same standard to evaluate motions for reconsideration under Rule 54(b) and motions for reconsideration brought after a final judgment. See Herman v. Hartford Life and Acc. Ins. Co., 508 F. Appx. 923, 927 n.1 (11th Cir. 2013) ("Although Rule 54(b) does not delineate the parameters of the district court's discretion to reconsider interlocutory orders, we have at least indicated that Rule 54(b) takes after Rule 60(b)."). Accordingly, "[a] 'motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment. This prohibition includes new arguments that were previously available, but not pressed.'" Lopez v. City of West

Miami, 662 F. Appx. 733, 737-38 (11th Cir. 2016) (quoting Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009)).

Plaintiffs' Motion for Reconsideration raises arguments not presented in their objections to the Order but available to them at the time of filing.  The Court declines to consider the new arguments raised in the Motion for Reconsideration.  Furthermore, "[r]econsideration of a previous order is an extraordinary remedy intended to be used sparingly."  M.G. v. St. Lucie County Sch. Bd., 741 F.3d 1260, 1262 (11th Cir. 2014).  Thus, it is well-settled in this district that parties may not use motions for reconsideration to "vent dissatisfaction with the Court's reasoning."  Blue Heron Beach Resort Developer, LLC v. Branch Banking & Tr. Co., No. 613CV372ORL40TBS, 2014 WL 12575840, at *1 (M.D. Fla. Oct. 24, 2014) (quoting Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03CV2378-T-17-MAP, 2005 WL 1053691, at *4 (M.D. Fla. Mar. 30, 2005) (internal quotation marks omitted)).

Having moved for electronic filing access, lodged their objections to the magistrate judge's order denying that request, and obtained review from the district court, Plaintiffs now ask the Court to either relitigate issues it has already decided or decide new issues never properly raised.  The Court declines to do either.

Accordingly it is now

**ORDERED:**

Plaintiffs' Motion for Reconsideration (Doc. #61) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this  4th  day of October 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

-4-