UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHNNY AMON CLIFFT, JR., and
CINDY PADON MERCADO,

      Plaintiffs,

v.                            Case No:  2:25-cv-345-JES-NPM

SCHOOL DISTRICT OF LEE
COUNTY, FERNANDO VAZQUEZ,
MARK MACCHIA, ROBERT DODIG,
and BARBARA SHAFER,

      Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of the Motion to Dismiss (Doc. #96) filed on February 3, 2026 by Defendants School District of Lee County (the "District"), Fernando Vazquez ("Vazquez"), Robert Dodig ("Dodig"), and Barbara Shafer ("Shafer"). Also pending is the Motion to Dismiss (Doc. #102) filed by Defendant Mark Macchia ("Macchia"). Plaintiffs Johnny Amon Clifft, Jr. ("Clifft") and Cindy Padon Mercado ("Mercado") (collectively "Plaintiffs") filed responses to each motion on February 17, 2026 and March 16, 2026, respectively. (Docs. #99, #103.)

Plaintiffs – now on their Third Amended Complaint ("TAC") (Doc. #87) – raise eight claims, spanning the course of 178

paragraphs and 54 pages, against Defendants related to Clifft's allegations that the District failed to accommodate his Post Traumatic Stress Disorder ("PTSD") and General Anxiety Disorder ("GSD") diagnoses while he was employed there as a middle school teacher (id. at pp. 36-28), retaliated against him on the basis of protected disclosures (id. at pp. 38-40, 44-45), violated his due process rights during a professional standards investigation (id. at pp. 41-43), and made defamatory statements on an employment verification form after his separation from the District (id. at pp. 46-47.)  Having reviewed the TAC and the Motions to Dismiss currently before it, the Court finds several pleading deficiencies that preclude consideration on the merits.

First, the Complaint is a textbook shotgun pleading.  Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, Rule 10(b) requires that a party state his "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  A complaint that violates either of these rules is often referred to as a shotgun pleading.  Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018).  A court presented with a shotgun pleading should order repleading.  See Paylor v. Hartford Fire Ins., 748 F.3d 1117, 1127-28 (11th Cir. 2014).

The Eleventh Circuit has identified four types of shotgun pleadings: (1) complaints "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) complaints that do not "separat[e] into a different count each cause of action or claim for relief"; and (4) complaints that "assert[ ] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  Weiland, 792 F.3d at 1321-23.

In their Motions to Dismiss, Defendants assert that the TAC constitutes a shotgun pleading for the multiple reasons.  First, according to Defendants, Plaintiffs reallege "a myriad of irrelevant facts into different counts[.]"  (Doc. #96 at p. 6, Doc. #102 at p. 6.)  Defendants cite to several facts set forth in

Plaintiffs' general allegations which they maintain are entirely immaterial to the claims before the Court including, among other things: (1) that, prior to the circumstances giving rise to the case, Clifft had been admonished for arriving at the school "too early" because he set off the building's alarms, (2) that the prior Dean of Discipline at the middle school had departed, allegedly, amid conflict with one of the administrators, (3) facts related to an off-campus confrontation with certain students, and (4) that the newly-hired Safety Specialist had a history of failing to support Plaintiff in his role.  (Doc. #96 at pp. 6-7, Doc. #102 at pp. 6-7.)

Second, according to Defendants, Plaintiffs reallege in every count other allegations that are not only immaterial to the pertinent claims, but also that occurred *subsequent to* the institution of the instant litigation and are currently pending before the Court including, among other things: (1) that Plaintiffs apparently made two good-faith settlement offers, (2) that Defendants have failed to produce certain documents, (3) that Plaintiffs have filed a Motion to Compel against Defendants, and (4) that Plaintiffs have had to pay "out of pocket" for certain transcripts related to Clifft's disciplinary proceedings.  (Doc. #96 at pp. 7-8, Doc. #102 at pp. 7-8.)  According to Defendants, by incorporating these irrelevant facts in the TAC, Plaintiffs

improperly involve the acts and/or omissions of Defendants which do not relate to the claims before the Court.  (Id.)

Plaintiffs respond that the TAC is not a shotgun pleading because (1) it does not reallege "all prior paragraphs into each count", (2) the "context facts" cited by Defendants are "plausibly connected" to the elements of the claim, and (3) dismissal for "shotgun pleading" is "inappropriate" here because the TAC gives clear notice of the claims and defendants.  (Doc. #99, pp. 3-4.)

The Court agrees with Defendants that the TAC is a shotgun pleading for the following reasons.  First, Plaintiffs indiscriminately incorporate at least ten numbered paragraphs spanning the course of more than four pages into each claim for relief, even though these allegations appear to focus exclusively on the Defendants' post-litigation behavior and alleged "bad acts," without explaining how any of these allegations are germane to the essential elements of the Plaintiffs' causes of action. (Doc. #87 at ¶¶ 102-112.)

Moreover, the Court agrees with Defendants that the TAC is replete with other vague and conclusory allegations – some involving named persons no longer parties to the case – which do not appear relevant to any of the causes of actions set forth in the Complaint.  "Even under the most generous and lenient application of Rule 8, the complaint is decidedly improper and

impermissible[,]" because a complaint in Federal Court is "an improper and impermissible place for the tedious and burdensome aggregation of prospective evidence, for the rehearsal of tendentious arguments, or for the protracted recitation and explanation of legal authority putatively supporting the pleader's claim for relief." Trump v. New York Times Co., 800 F. Supp. 3d 1297, 1298-99 (M.D. Fla. 2025). Although "[s]ome pleadings are necessarily longer than others[,]" particularly where, as here, the case involves multiple parties and claims, complex underlying facts, and pertinent events occurring over the course of years, see Trump, 800 F. Supp. 3d at 1297, Rule 8(e)(1) nevertheless directs that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1).

Accordingly, it is now

ORDERED:

1. Defendants School District of Lee County, Fernando Vazquez, Robert Dodig, and Barbara Shafer's Motion to Dismiss (Doc. #96) is **GRANTED.**

2. Defendant Mark Macchia's Motion to Dismiss (Doc. #102) is **GRANTED.**

3. The TAC (Doc. #87) is **DISMISSED without prejudice** to refiling an amended complaint within **THIRTY (30) days** of the instant Opinion and Order. Any amended pleading shall

6

not exceed **THIRTY (30)** pages in length, excluding the caption, signature, and any attachment.  Defendants may answer and/or file other responsive pleadings within **FOURTEEN (14) days** of its filing. If no pleading is filed, the case will be closed without further order or notice.

DONE AND ORDERED at Fort Myers, Florida, this __8th__ day of __April__ 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record