**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**JOHNNY AMON CLIFFT, JR.**,
Plaintiff,

v. 2:25-cv-345-SPC-NPM

**SCHOOL DISTRICT OF LEE COUNTY**,
**FERNANDO VAZQUEZ**, **BARBARA SHAFER**,
and **MARK MACCHIA**,
Defendants.

---

# ORDER

This is an employment discrimination case arising from plaintiff Johhny Amon Clifft, Jr.'s employment—as a sixth-grade science teacher—at the Veterans Park Academy for the Arts in Lee County, Florida. Clifft, who suffers from anxiety and depressive disorders, claims that he reported incidents to school personnel involving student safety and physical altercations in his classroom. These incidents, according to Clifft, increased his anxiety symptoms and led to him requesting a workplace accommodation. Thereafter, on May 26, 2022, a student pushed Clifft, which caused him to panic and activate his Centegix emergency badge—placing the entire school campus on lockdown. After an eleven-month investigation, Clifft was denied an accommodation, and his employment contract was allowed to expire. In 2025, however, the U.S. Department of Veterans Affairs was informed that Clifft was ineligible to be rehired as a teacher and had been terminated from his employment in Lee County.

As a result, Clifft initiated this action against defendants the School District of Lee County, Fernando Vazquez, Mark Macchia, and Barbara Shafer ("Defendants") for retaliation, violation of his right to due process, and defamation. The operative pleading—the fourth amended complaint—asserts five claims against Defendants: (1) failure to accommodate pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101; (2) retaliation pursuant to the ADA; (3) violation of the Florida Public Whistleblower Act, Fla. Stat. § 112.3187; (4) violation of procedural due process pursuant to 42 U.S.C. § 1983; and (5) defamation. (Doc. 109).

Disappointed with Clifft's discovery responses, Defendants request that we compel Clifft to respond to their interrogatories and requests for production. Defendants assert that rather than answering their discovery, Clifft has made up his own interrogatories, provided evasive answers, and offered meritless objections. (Doc. 80). Clifft opposes the motion. (Doc. 82).

By rule, discovery is limited to that which is relevant to the issues presented in the pleadings[1] and proportional to the needs of the case. *See Denson v. Kinney*, No. 2:21-cv-497-JES-NPM, 2023 WL 2914512, *2 (M.D. Fla. Apr. 12, 2023) (citing Rule 26(b)(1)). And pursuant to the Civil Action Order, the parties are further directed to request and respond to discovery in accordance with the Discovery

[1] The term "pleadings" refers only to the items listed in Federal Rule of Civil Procedure 7(a), which include a complaint, answer, answer to a counterclaim, answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer if the court orders such a reply. Fed. R. Civ. P. 7(a).

Handbook of the Middle District of Florida. *See* Middle District of Florida Civil Discovery Handbook (2021).

Defendants' motion cites outdated authorities and advances stale arguments. Indeed, they cite authorities construing Rule 26(b) as it existed more than 50 years ago, but the rule has changed many times and in several substantive ways.[2] Cases construing and applying Rule 26 as it existed before 2015, or employing reasoning based on other cases that did so (such as a Supreme Court decision from 1947), are of little, if any, precedential value. Furthermore, the motion cites, and advances arguments based on, the Florida Rules of Civil Procedure. But this matter is in federal court; so those rules don't apply. Finally, Defendants' motion places every interrogatory and request for production before us for review, but without providing argument and authority as to each.

Given these improprieties, we are not going to parse through every request. Instead, we will address the overarching issues raised in the motion. To begin with, any discovery requests directed towards plaintiff Cindy Padon Mercado are moot

[2] As the Advisory Committee on Civil Rules noted in **1983**: "Rule 26(b)(1) has been amended to add a sentence to deal with the problem of over-discovery.... The new sentence is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." In **1993**: "The revisions in Rule 26(b)(2) are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery...." In **2000**: "The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." And in **2015**: "Rule 26(b)(1) is changed in several ways …. The former provision for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence' is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery."

because she is no longer a named plaintiff in this matter. (*See* Doc. 109). And given that Clifft has served Defendants with supplemental interrogatory answers (Doc. 152-1), any arguments about his previous responses are also moot.

Nevertheless, any of Clifft's medical and VA records generated during and after his employment with the Lee County School District ("LCSD") are relevant and proportional. Therefore, to the extent Defendants have not already obtained such records via subpoenas, Clifft must obtain and produce them. Likewise, any social media posts that Clifft authored, during and after his employment with LCSD, that expressly make written or oral statements about his health, employment, job searches, or allegations in this action are both relevant and proportional. So Clifft must produce them as well.

We further find that Clifft's records related to income or benefits derived from post-LCSD employment and self-employment, including tax records, are within the scope of proper discovery. The same goes for any documents related to his employment with Watson Chapel School District in Arkansas. However, insofar as these items—other than Clifft's tax returns—are not in his possession and Defendants wish to obtain them, then the Defendants may obtain them by subpoena. Clifft must otherwise produce his tax returns covering the time after his LCSD employment.

On the other hand, Defendants' requests for documents related to Clifft's obtaining assistance from an attorney for this action are not relevant to any claim or defense. Nor have Defendants offered any reason to question Clifft's invocation of

the attorney-client privilege. Thus, Clifft is under no obligation to produce such documents.

Accordingly, Defendants' motion to compel (Doc. 80) is **GRANTED in part** and **DENIED in part**. To the extent he has not done so already, Clifft must produce the items discussed above within thirty days of this order.

**ORDERED** on September 28, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge