**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**JOHNNY AMON CLIFFT, JR.,**
Plaintiff,

v. 2:25-cv-345-SPC-NPM

**SCHOOL DISTRICT OF LEE COUNTY, FERNANDO VAZQUEZ, BARBARA SHAFER,** and **MARK MACCHIA,**
Defendants.

---

# ORDER

On April 28, 2025, plaintiff Johnny Amon Clifft, Jr. initiated this employment discrimination action against defendants the School District of Lee County, Fernando Vazquez, Barabara Shafer, and Mark Macchia. Clifft was employed—as a sixth-grade science teacher—at the Veterans Park Academy for the Arts in Lee County, Florida. But his teaching employment contract was allowed to expire after he requested a workplace accommodation due to anxiety and following an incident with a student in which Clifft panicked and activated his Centegix emergency badge—placing the entire school campus on lockdown.[1] (Doc. 109).

With discovery underway, Clifft filed a motion to determine the sufficiency of Defendants' answers to requests for admissions (RFAs). (Doc. 126). Clifft maintains that Defendants have provided evasive, non-responsive, internally

---

[1] The operative pleading—the fourth amended complaint—asserts five claims against Defendants: (1) failure to accommodate pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101; (2) retaliation pursuant to the ADA; (3) violation of the Florida Public Whistleblower Act, Fla. Stat. § 112.3187; (4) violation of procedural due process pursuant to 42 U.S.C. § 1983; and (5) defamation. (Doc. 109).

inconsistent answers to his requests. *Id.* Defendants oppose the motion, asserting that their answers were sufficient and proper. (Doc. 127).

The court has "broad discretion under Federal Rule of Civil Procedure 26 to compel or deny discovery." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Rule 26(b), which sets out the scope of discovery, provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The party seeking discovery must demonstrate the relevance of the discovery requests, *Zamperla, Inc. v. I.E. Park srl*, No. 6:13-cv-1807-Orl-37KRS, 2014 WL 11332269, *2 (M.D. Fla. Oct. 23, 2014), while the resisting party must show that the discovery is improper, unreasonable, or burdensome. *Aileron Inv. Mgmt., LLC v. Am. Lending Ctr.*, LLC, No. 8:21-cv-146-MSS-AAS, 2021 WL 5961144, *1 (M.D. Fla. Dec. 16, 2021).

Under Rule 36(a)(1), a party may serve on any other party "a written request to admit the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). The purpose of Rule 36 is "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1264 (11th Cir. 2002). Requests for admissions are "a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to

prove." *Pickens v. Equitable Life Assurance Soc'y of U.S.*, 413 F.2d 1390, 1393 (5th Cir. 1969).

The party upon whom a request for admission is served must either admit the matter, specifically deny it, state in detail why the party cannot admit or deny the request for admission, or object to the request. Fed. R. Civ. P. 36(a)(3)-(4). Rule 36 authorizes the requesting party to file a motion seeking a determination of the sufficiency of an answer or an objection. Fed. R. Civ. P. 36(a)(6). If an answer does not comply with this rule, a "court may order either that the matter is admitted or that an amended answer be served." *Id.*

On that score, we find that Defendants' responses to RFAs 6, 8, 11, 14 through 23, 30, 31, 33, 34, 42, and 46 are insufficient. (Doc. 126-1 at 2-11). These requests seek straightforward admissions about whether certain events occurred or whether a document is authentic. However, the overall response Defendants provide is "admitted only that the document speaks for itself." Such a response is not proper. *See Interland, Inc. v. Bunting*, No. 1:04-cv-444-ODE, 2005 WL 2414990, *8 (N.D. Ga. Mar. 31, 2005) (Objections that claim the requests are burdensome or that the document, in effect, "speaks for itself" are not proper.).

Likewise, Defendants' responses to RFAs 24, 25, 27, and 28 are not sufficient. (Doc. 126-1 at 6-8). Generally, each request relates to whether certain events did or did not occur. But rather than provide a direct answer, Defendants cite to Florida law and applicable regulations that Defendants claim they were required to follow. This

will not do. *See United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 968 (3d Cir. 1988) ("A request for an admission, except in a most unusual circumstance, should be such that it could be answered yes, no, the answerer does not know, or a very simple direct explanation given as to why he cannot answer[.]"). Furthermore, Defendants' responses to RFAs 52, 53, 55, and 57 about the CrisisAlert system logs are improperly qualified and insufficient. (Doc. 126-1 at 13-14). Indeed, Defendants' response to request 54—about whether the CrisisAlert system logs were presented or referenced during any administrative proceeding related to Clifft—implies that similar requests concerning the logs can be directly answered as well.

Accordingly, Clifft's motion to determine the sufficiency of Defendants' answers to requests for admissions (Doc. 126) is **GRANTED** as to RFAs 6, 8, 11, 14 through 25, 27, 28, 30, 31, 33, 34, 42, 46, 52, 53, 55, and 57, but is otherwise **DENIED**. Defendants must serve amended and straightforward responses within seven days of this order.

**ORDERED** on October 23, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge