UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHNNY AMON CLIFFT, JR.,

Plaintiff,

v. Case No: 2:25-cv-345-SPC-NPM

SCHOOL DISTRICT OF LEE COUNTY, FERNANDO VAZQUEZ, MARK MACCHIA, and BARBARA SHAFER,

Defendants.

---

# OPINION AND ORDER

Before the Court is School District of Lee County (the "District"), Fernando Vazquez, Mark Macchia, and Barbara Shafer's (collectively "Defendants") Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. 116). Plaintiff Johnny Amon Clifft, Jr. opposes (Doc. 120). For the below reasons, Defendants' motion is granted in part and denied in part.

## BACKGROUND[1]

Plaintiff was a science teacher employed by the District at Veterans Park Academy for the Arts ("Veterans Park"). (Doc. 109 ¶ 4). During the 2021–2022

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

school year, there were multiple student safety issues including physical altercations in Plaintiff's classroom. (*Id.* ¶ 10). These issues caused Plaintiff to experience escalating anxiety symptoms related to his anxiety and depressive disorders. (*Id.* ¶¶ 9–10).

Throughout early 2022, Plaintiff submitted written reports to Principal Edwin Carter and Assistant Principal Mark Macchia. (*Id.* ¶ 11). These reports documented his concerns related to student-safety, disclosing his anxiety, and requesting a workplace accommodation. (*Id.*). Specifically, Plaintiff requested a brief de-escalation break following physical disturbances in the classroom to listen to music and facilitate emotional regulation. (*Id.* ¶ 13). Despite this request, Plaintiff's educator-association legal representative had to follow-up with the District noting its failure to engage in the interactive process. (*Id.* ¶ 12).

Before Plaintiff received any accommodations, a student "with a known history of aggressive behavior" confronted Plaintiff at the classroom doorway and pushed his body into Plaintiff. (*Id.* ¶ 15). The confrontation caused Plaintiff to have an "acute anxiety attack," and Plaintiff pressed his Centegix emergency badge to request staff assistance. (*Id.* ¶ 18).

The Centegix badge system allows teachers to trigger different alerts "based on the number and sequence of button presses, including escalation from a staff-assistance alert to a campus-wide lockdown[.]" (*Id.* ¶ 19). District

personnel—including Plaintiff—attended brief trainings on the system, but the training did not include written instructions, hands-on practice, or operational testing. (*Id.* ¶ 20).

"Consistent with his understanding from prior training, Plaintiff pressed the button three times to initiate a staff-assistance alert." (*Id.* ¶ 21). Instead of triggering a staff-assistance alert, it triggered a campus-wide lockdown. (*Id.*). Trying to "correct or reinitiate" the intended alert, Plaintiff pressed the button again. (*Id.*) But this did not work. In any event, the School Resource Officer announced over the radio that it was a false alarm within seconds of the alert. (*Id.* ¶ 26).

Two days later, Fernando Vazquez, an employee within the District's Professional Standards Department, informed Plaintiff that he was under investigation. (*Id.* ¶ 32). The District then formally suspended Plaintiff and removed him from the classroom before it submitted a report to the Florida Department of Education Professional Practices Services ("PPS") to initiate a state-level licensure investigation against Plaintiff. (*Id.* ¶ 34).

Apparently, it was Assistant Principal Macchia's decision to characterize the incident as "intentional misconduct" and escalate it to the licensing board before completing an investigation. (*Id.* ¶ 27). Moreover, according to Plaintiff, other District employees have inadvertently triggered lockdown alerts, without enduring similarly severe disciplinary measures. (*Id.* ¶ 31).

A few months after starting its investigation into the lockdown incident, the District held an ADA committee meeting to address Plaintiff's requests for accommodation. (*Id.* ¶ 38). But the District later formally denied his requests because it would pose an undue hardship for the District. (*Id.*).

Having addressed Plaintiff's accommodations request, the District then considered the lockdown incident. In April 2023, the District held a predetermination hearing, issued a written reprimand, and decided to allow Plaintiff's employment contract to expire. (*Id.* ¶ 39).

Fast forward two years. In early 2025, Plaintiff underwent a federal employment verification and suitability review after receiving an offer to work as a nurse for the U.S. Department of Veterans Affairs ("VA"). (*Id.* ¶ 40). Defendant Barbara Shafer completed the employment verification form on behalf of the District. (*Id.* ¶ 43). Although the official disciplinary letter from the District stated that Plaintiff's contract was allowed to expire, Shafer marked that Plaintiff was "fired," "not eligible for rehire," and "not recommended" in his employment paperwork. (*Id.* ¶¶ 42–43).

Plaintiff then brought suit. (Doc. 1). Pertinent to the current motion, Plaintiff brings claims against the District for violation of the Florida Public Whistle-Blower Act ("FWA") (Count III), against Vazquez and Assistant Principal Macchia for a procedural due process violation (Count IV), and

against Shafer for defamation (Count V). Defendants move to dismiss these claims for various reasons.

## LEGAL STANDARD

A district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). When considering a Rule 12(b)(6) motion, the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See id.* at 678. *Pro se* pleadings are held to a less stringent standard and therefore liberally construed. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). The Court does not serve as de facto counsel to a *pro se* party or rewrite deficient pleadings. *See id.* at 1168–69. *Pro se* litigants are still required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

## DISCUSSION

As a prefatory matter, in Plaintiff's response (Doc. 120), he asserts that (1) the Court may not consider extrinsic evidence attached to Defendants'

motion, and (2) the motion inappropriately raises new grounds for dismissal omitted from previous motions. (*Id.* at 2–4).

When assessing the sufficiency of a complaint on a motion to dismiss, a district court has some 'discretion' to decide whether to consider 'matters outside of the pleadings.'" *Jackson v. City of Atlanta*, 97 F.4th 1343, 1350 (11th Cir. 2024) (citing *Jones v. Auto. Ins. Co. of Hartford*, 917 F.2d 1528, 1531–32 (11th Cir. 1990)). But "even assuming the documents [meet] the prerequisites for consideration[,]" the Court is not required to consider Defendants' attached exhibits in ruling on a Motion to Dismiss. *See Shaikh v. Fox News Network, LLC*, No. 25-12004, 2026 WL 1601258, at *3 n.4 (11th Cir. June 4, 2026). Because the Court can resolve the arguments without the assistance of Defendants' attached exhibits, it declines to exercise its discretion to do so.

As for Plaintiff's second argument, "[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment and is no longer a part of the pleader's averments against his adversary." *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (internal citations and quotations omitted). Thus, Defendants are permitted to assert arguments regarding the sufficiency of the Fourth Amended Complaint as it is now the operative complaint.

The Court now proceeds to the merits of the instant motion.

**A. Retaliation Under the Florida Whistle Blower Act (Count III)**

The Florida Whistle Blower Act ("FWA") prohibits public employers from taking retaliatory action against an employee "who discloses information to an appropriate agency alleging improper use of governmental office, gross waste of funds, or any other abuse or gross neglect of duty on the part of an agency, public officer, or employee." Fla. Stat. § 112.3187(2). In Count III, Plaintiff alleges that the District engaged in retaliatory conduct in response to protected disclosures in violation of the FWA.

To state a claim for FWA retaliation, a plaintiff must demonstrate (1) that he or she engaged in a statutorily protected activity; (2) that he or she suffered an adverse employment action; and (3) that there existed a causal connection between those two events. *Gessner v. S. Co.*, 396 So. 3d 908, 910 (Fla. Dist. Ct. App. 2024), *review granted*, No. SC2024-1835, 2025 WL 830463 (Fla. Mar. 17, 2025), *and opinion approved of*, 51 Fla. L. Weekly S143 (Fla. May 28, 2026) (citing *Gainey v. Washington Cnty.*, 251 So. 3d 1032, 1033–34 (Fla. Dist. Ct. App. 2018)).

The District makes cogent arguments about the content of Clifft's disclosure and the lack of but-for causation. But the Court finds these arguments are better suited for summary judgment given the need to consider extrinsic evidence. So, Defendants motion will be denied as to Count III.

**B. Procedural Due Process Violation (Count IV)**

Section 1983 creates a cause of action against a person who, under color of state law, deprives "any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To allege a procedural due process violation under § 1983, a plaintiff must show "(1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006) (citation omitted).

Count IV alleges that Defendants Vazquez and Assistant Principal Macchia "deprived Plaintiff of his Constitutionally protected liberty interest in his reputation and ability to pursue his chosen profession without due process of law." (Doc. 109 at 13). The deprivation occurred when Defendants "prematurely" reported the lockdown incident to the PPS and characterized it as "intentional misconduct" without any meaningful investigation. (*Id.*).

Defendants argue that Plaintiff failed to state a claim because "teachers have no right to re-employment when a contract expires and is not renewed," thus Plaintiff did not have a property interest in his continued employment (Doc. 116 at 11). The mere non-renewal of his contract, according to Defendants, was not enough of a blight on Plaintiff's reputation to constitute a deprivation of his liberty. (*Id.*). Moreover, according to Defendants, Plaintiff has not alleged a deprivation of a constitutionally protected liberty or property

interest for reporting the lockdown incident to PPS, because the District was required to submit such a report pursuant to Florida Statute Section 1012.796. (*Id.* at 12). Finally, according to Defendants, Vazquez and Assistant Principal Macchia are protected from liability for this claim because they are entitled to qualified immunity. (*Id.* at 7–10).

"To have a property interest in a benefit, a person . . . must . . . have a legitimate claim of entitlement to it." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). Whether an employee has a property interest in his or her employment is governed by state law. *See Warren v. Crawford*, 927 F.2d 559, 562 (11th Cir. 1991) (citation omitted). Under Florida law, employment is at-will. Therefore, either party may terminate the employment at any time for any reason or for no reason at all without assuming liability. *Day v. Hernando Cnty.*, No. 8:24-CV-01437-WFJ-AAS, 2024 WL 4416797, at *2 (M.D. Fla. Oct. 4, 2024) (citations omitted). However, a public employee can obtain a property interest in his or her employment via state statute or individual contract. *Id.* (citing *Schneider v. Indian River Cmty. Coll. Found., Inc.*, 875 F.2d 1537, 1544 (11th Cir. 1989)).

The Court agrees with Defendants that Plaintiff did not have a constitutionally protected property interest in his teaching position. According to his complaint, Plaintiff became employed as a science teacher at Veterans Park in August 2018. Although Plaintiff was removed from the classroom and

reassigned to clerical duties in May 2022 (following the lockdown incident), he remained employed until August 2023, when his contract formally expired. The fact that the District made the decision not to rehire him for the 2023–2024 school year did not create a right to due process protections. *See Meredith v. Sch. Bd. Of Osceola Cnty.,* No. 6:05-cv-1246-Orl-28DAB, 2007 WL 9719101, at *5 (M.D. Fla. July 11, 2007), *aff'd*, 260 F. App'x 214 (11th Cir. 2007) (concluding that a teacher's due process rights were not violated in connection with the non-renewal of her contract after the contract expired by its own terms). Without a property interest, any harm to Plaintiff's reputation is not actionable. *See Cypress Ins. Co. v. Clark*, 144 F.3d 1435, 1436 (11th Cir. 1998) (holding that allegations of an injury to one's reputation must be accompanied by "a constitutionally recognized injury[,]" to be actionable.)

Plaintiff responds that he has alleged that "he was constructively discharged long before the expiration of his contract" when he was "removed from the classroom and placed in a restrictive investigation status on May 28, 2022." (Doc. 120 at 6). Thus, according to Plaintiff, he sufficiently alleges a deprivation of a constitutionally protected liberty or property interest. (*Id.*) He has not.

"A constructive discharge involves both an employee's decision to leave and precipitating conduct." *Pa. State Police v. Suders*, 542 U.S. 129, 148 (2004); *see also Bryant v. Jones*, 575 F.3d 1281, 1298 (11th Cir. 2009) (holding

that constructive discharge occurs when an employer deliberately makes an employee's working conditions so intolerable that he is forced to quit his job). Here, Plaintiff does not even allege he resigned (voluntarily or involuntarily) from his position. So, Plaintiff has not pled facts to show that he was constructively discharged, and Count IV is dismissed with prejudice.[2]

**C. Defamation (Count VI)**

To state a claim for defamation under Florida law, a plaintiff must allege the following elements: "(1) publication; (2) falsity; (3) the statement was made with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement must be defamatory." *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018). Count VI alleges that Shafer defamed Plaintiff when she reported to the VA "that Plaintiff was 'fired,' not eligible for rehire,' and 'not recommended.'" (Doc. 109 ¶ 74).

Shafer argues that she is shielded from liability for Plaintiff's defamation claim because she is entitled to absolute immunity. (Doc. 116 at 13). Plaintiff responds that under Florida law, public officials are not immune from tort claims, such as defamation, if they act in bad faith, with malicious purpose, or

[2] Because the Court finds that Plaintiff has not sufficiently pled a constitutionally protected liberty or property interest, the Court declines to address Defendants arguments related to qualified immunity.

in a manner exhibiting wanton and willful disregard of human rights, safety, or property." (Doc. 120 at 9).

The Court agrees with Defendants that under Florida law, "[p]ublic officials who make statements within the scope of their duties are absolutely immune from suit for defamation." *Stephens v. Geoghegan*, 702 So.2d 517, 522 (Fla. Dist. Ct. App. 1997). Moreover, although Plaintiff is correct that Florida law provides for suit in tort against a public employee in his or her individual capacity where "such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property[,]" *see* Fla. Sta. § 768.28(9)(a), "[t]here is nothing in Section 768.28 to indicate that the legislature intended to take away the defense of absolute privilege." *Cobb's Auto Sales, Inc. v. Coleman*, 353 So.2d 922 (Fla. Dist. Ct. App. 1978) (holding that a sheriff, as an executive officer, enjoyed an absolute privilege as to any statements made incidental to his official duties). Therefore, Shafer is only liable for Plaintiff's defamation claim to the extent that she was acting *outside of the scope of her duties*—regardless of whether she acted in bad faith, or with malicious purpose—when she responded to the VA's background check.

"The term 'duties' is not confined to those things required of the officer but rather extends to all matters which [s]he is authorized to perform." *Cassell v. India*, 964 So.2d 190, 194 (Fla. Dist. Ct. App. 2007). As alleged by Plaintiff,

Shafer made the allegedly defamatory statement in response to a VA pre-employment background verification and suitability review. (Doc. 109 ¶ 73). And at all relevant times, Shafer was an employee of the District's human resources department. (*Id.* ¶ 8). Accordingly, the Court finds that Shafer was acting *within the scope of her duties* as an employee of the District's human resources department when she gave a statement to the VA in response to Plaintiff's pre-employment background screening and that Shafer is immune from liability for Plaintiff's defamation claim. Count V is dismissed with prejudice.[3]

Any amendment to Counts IV or V is futile. No factual allegations will give Plaintiff a property interest in his teaching position or change whether Shafer acted within the scope of her duties. So, Plaintiff's Motion for Leave to Amend (Doc. 143) is denied.

**D. Attorney Fees**

Defendants also ask the Court to strike Plaintiff's request for attorney fees because Plaintiff is *pro se*. (Doc. 116 at 17). Generally, a *pro se* litigant may not recover attorney fees. *See, e.g.*, *Massengale v. Ray*, 267 F.3d 1298 (11th Cir. 2001); *Ray v. U.S. Dept. of Justice*, 87 F.3d 1250 (11th Cir. 1996);

[3] Because Counts IV and V fail to state a claim, the Court declines to address Defendants' arguments concerning Plaintiff's request for punitive damages.

*Celeste v. Sullivan*, 988 F.2d 1069, 1070 (11th Cir. 1992). Accordingly, Defendants' motion to strike attorney fees is granted.

Accordingly, it is

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 116) is **GRANTED IN PART AND DENIED IN PART**.
   a. Plaintiff's claims for Due Process Violation (Count IV) and Defamation (Count V) are **DISMISSED with prejudice**.
   b. Plaintiff's request for attorney fees is **STRICKEN** from the Fourth Amended Complaint.
   c. The motion is otherwise **DENIED**.
2. Plaintiff's Motion for Leave to Amend in the Alternative (Doc. 143) is **DENIED**.
3. Judgment shall be withheld until the conclusion of the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 2, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of record